# Gordon & Washburn *vs.* Higley.

### *Error to Muscatine.*

The District Court may direct such a change in the verdict of the jury as to make it correspond to the usual forms, where such change does not alter the evident meaning of such verdict.

This may be done without the consent of the jury, and is therefore proper, after their separation.

This action was commenced in a Justice's Court, and brought from thence into the District Court of Muscatine county by appeal.   The transcript of the Justice showed that the action was *assumpsit*, and that the parties went into trial without setting out any formal issue, and there is no evidence of an issue having been made up in the District Court.

On the trial in the District Court, the jury returned their verdict as follows :   " verdict for the plaintiff forty-four dollars and seventy-nine cents. "   A motion in arrest of judgment was thereupon made and over-ruled.   After which the Court directed the clerk to change the phraseology of the verdict, so as to make it correspond to the usual form in an action of assumpsit.   This was done after the separation of the jury. This was the principal error relied upon.

Rorer, Starr & Mitchell for plaintiff in error, cited 2 Wheat. 225; Patterson vs. U. States.

Grimes, for deft. in error, cited 2 Strange 1197, 1 Wils. 33 ; 3 Term. Rep. 749, 2d Doug. 730 ; 4 Pick. Rep. 446. White vs. Snell, 9 Pick. Rep. 16 ; Grant on new trials, 85 ; Usher vs. Dansey, 4 M. & S. 94 ; Rex vs. Hays, 2 Strange 842 ; Clark vs. Lamb, 6 Pick. 512, and 8 Pick. 415.

By the Court, Mason, Chief Justice.—The only question presented, in this case, is, whether the Court below was right in directing the alteration of the verdict. It is contended by the counsel for the plaintiff in error, first, that the record does not show the nature of the original action—so that the District Court had no legitimate guide in assimilating the verdict to any of the approved technical forms, and, in the next place, that though the District Court has authority to correct mere clerical errors in entering the verdict of the jury, it has none to change that verdict itself, even in matter of form.

In the return of the Justice this action is styled an action of Assumpsit. The proceedings in the Justice's Court are not fully set out in the transcript. Enough, however, appears there to prevent all doubt as to the nature of the action. Any formal defect, in this particular, should have been remedied (if at all) in the District Court. The statute in relation to appeals, declares, " that upon the return of the Justice being filed in the clerk's office, the court shall be possessed of the cause, and shall proceed to hear, try, and determine the same anew, without regarding any error, defect, or other imperfection in the proceedings of the Justice.—(*Laws of* 1837-8, *p.* 176.) This Court cannot countenance objections founded on defects which might have been corrected in the Court below, and of which, even without such correction, no advantage could there have been taken. We must, therefore, regard this case as though it had been an action of assumpsit, regularly brought and conducted.

We think, also, that the Court below was right in directing the alteration of the verdict. No form of expression could have more explicitly revealed the intention of the jury than that by them adopted. We are not now called upon to decide whether any precise form of words is necessary in a case like this ; but, at all events, we think it perfectly proper for the District Court to direct such a change in the language of the Jury, as to make their verdict correspond to the usual forms, when-

ever such change cannot, by possibility, alter the evident meaning of their verdict. This may be done without the consent of the jury, or even should they positively object, and is therefore perfectly proper after their separation.

In coming to this conclusion, we are not unsupported by authority. The Supreme Court of the State of New York (7 Cow. 29) have decided, that, in an action of replevin, where the jury merely found " for the plaintiff," it was proper for the Court to allow " SIX CENTS COSTS, " and " SIX CENTS DAMAGES, " to be added to the verdict by the clerk, " it being a mere matter of form and incident to the finding of the jury. " This was not the correction of a mere clerical error, but the actual finding of the jury was changed by the direction of the Court. We are, therefore, of opinion that the decision of the Court below should be sustained.

Judgment affirmed.