BELL's Administrator and Another v. AYRES and Wife.

Suit by a legatee against the administrator, and a creditor of the estate, alleging that the administrator had fraudulently allowed and paid the creditor's claim, knowing it to be unjust, and that by such payment the assets of the estate would be so reduced as to be insufficient to pay plaintiff's legacy. Prayer, that the allowance of the claim, and the report thereof by the administrator, be set aside, and the plaintiff allowed to contest the claim.

*Held,* that the plaintiff showed a sufficient interest to enable him to sue.

*Held,* also, that as the relief sought could not have been obtained by an appeal from the order of the court allowing the claim, the remedy sought was an appropriate one.

APPEAL from the *Hendricks* Common Pleas.

ELLIOTT, C. J.—Complaint by the appellees against *Darnall,* administrator of the estate of *Mary Bell,* deceased, and *William Arnold,* to set aside the allowance by the administrator of a claim filed against the estate by *Arnold,* as fraudulent; and also the report thereof to the court by the administrator. Issues of fact were formed and submitted to a jury, who found for the plaintiffs. Motion by the defendant in arrest of judgment overruled, and judgment on the finding of the jury. The defendants appealed.

The only question arising upon the record, on the motion in arrest, is, do the facts stated in the complaint constitute a valid cause of action? We think they do. The complaint alleges that *Mary Bell,* by her last will and testament, bequeathed to the said *Mary Ayres* the sum of $250, to be paid to her after the payment of the just debts against the estate; that on the 24th of *September,* 1863, the administrator admitted a claim, filed against the estate by the said *Arnold,* of $314 58, and credited the amount thereof on a note due to the estate by said *Arnold;* that the administrator afterward reported the receipt of *Arnold* for the amount of said claim to the court, and was, by the court, allowed therefor; that the claim of *Arnold* was unjust and fraudulent, of which the administrator had notice, but that

combining and confederating with said *Arnold* to cheat and defraud the estate, and said plaintiffs, the administrator had fraudulently allowed the same, and that by the allowance thereof, the assets of said estate in the hands of the administrator will be so reduced in amount as to render the estate unable to pay the legacy to the said *Mary Ayres.*

The complaint prays that the allowance of the claim of *Arnold* by the administrator, and the allowance of the receipt therefor by the court, be set aside, and the plaintiffs be permitted to contest the same, and for general relief. The jury found for the plaintiffs, and that there was due to said *Arnold* the sum of $64 50, for funeral expenses paid by him, and for attention to deceased during her last illness. It will be observed that the complaint shows a sufficient interest in the plaintiffs, in the subject matter, to enable them to sue. It avers that the claim of *Arnold* was unjust and fraudulent, and that the administrator, knowing that fact, had fraudulently allowed it. It is urged that a copy of *Mary Bell's* will should have been made a part of the complaint. We do not think so. The alleged fraudulent conduct of the administrator, and not the will, is the foundation of the suit. But it is insisted that the plaintiffs have mistaken their remedy; that they should have appealed from the order of the Common Pleas Court, allowing the receipt of *Arnold* as a credit in favor of the administrator. The plaintiffs were certainly without remedy in that mode of procedure. They were not parties to the settlement or allowance by the court; there was nothing in the record, in that respect, that would enable this court, on such an appeal, to grant them any relief. But it is also urged that the suit should have been against the administrator, on his bond, and not to set aside the allowance of the claim. Perhaps the facts stated are sufficient to render the administrator and his sureties liable on his bond, but we think that is not the only remedy; on the contrary, we are of opinion that the remedy sought was not only a legitimate, but a very appropriate one. The motion in arrest was correctly

overruled, and the judgment of the court below should therefore be affirmed.

The judgment is affirmed, with costs.

*C. C. Nave,* for appellants.

*L. M. Campbell,* for appellees.