## LANCASTER ET AL. *v.* GOULD ET AL.

PRACTICE.—*Demurrer.—Next Friend.*—The fact that a complaint does not show that parties for whom one assumes to sue as next friend are infants, is not a ground of demurrer. Assuming that they are of age, the name of the next friend is unnecessary, and may be struck out on motion.

DECEDENTS' ESTATES.—*Claim.—Action to Set Aside.—Allowance of Claim.*—A legatee and the heirs of a testator may sustain an action against the executor and a creditor of the estate for the fraudulent allowance and payment of the creditor's claim by the executor, thereby reducing the assets of the estate, to have the allowance set aside, and to permit the legatee and heirs to contest the claim.

SAME.—*Parties.*—The administrator of the estate of the executor (the executor having died after the commencement of the suit) is not a necessary party to such action.

PRACTICE.—*Motion to Strike Out.*—A refusal to strike surplus matter from a pleading does not, as a general rule, constitute an available error.

SAME.—*Answer in Bar of One Plaintiff.*—Where there are two or more plaintiffs, an answer in bar generally, but setting up matter in bar of only one of the plaintiffs, is bad.

CLAIM AGAINST ESTATE.—*Allowance by Executor.*—An executor may allow a claim against the estate of his testator, if found to be correct, though the claim be not made out in an itemized form.

From the Johnson Common Pleas.

*S. P. Oyler, D. Howe,* and *B. F. Davis,* for appellants.

*K. M. Hord, A. Blair,* and *J. L. Hackney,* for appellees.

DOWNEY, J.—The errors properly assigned in this case are:

1. Overruling the demurrer of Lancaster to the complaint.

2. Overruling his motion to strike out part of the complaint.

3. Overruling the demurrer of Lancaster to the complaint for want of proper parties.

4. Sustaining the demurrer of the appellees to the fourth paragraph of the answer of Lancaster.

5. Overruling the motion of Lancaster to strike out the answer of the defendant Robertson.

6. Sustaining the demurrer of appellees to the first paragraph of the answer of Lancaster.

7. Overruling the motion of Lancaster for a new trial.

Although the order in which the errors are assigned is not very good, we will examine them as they are made and numbered.

The complaint is as follows: "Almeda Gould, William B. Gould, James V. Gould, David B. Gould, Robert A. Gould, Emily J. Gould, Charles E. Gould, by Alonzo Blair, their next triend, and Nancy R. Gould, plaintiffs, complain of Aaron House and David Lancaster, defendants, and say, that the plaintiff Almeda is the widow and legatee of Stephen V. Gould, deceased, of," etc., " who, at," etc., " died testate, leaving all his property, real and personal, of the value of five thousand dollars, after payment of just debts against the estate, to this plaintiff Almeda so long as she remained his widow. Also, by the provisions of said will, Aaron House was appointed executor thereof; that the said other plaintiffs above mentioned are the children and heirs of the said Stephen V. and Almeda Gould; that at this time the said Almeda has not elected to take under the provisions of said will, and does not intend to so elect ; and that with a proper, honest, and judicious administration of the assets of said

·estate, after the payment of all proper and legal debts, there would be left for distribution among the heirs of said estate the sum of three thousand dollars; that on the 16th day of June, 1867, and the 5th and 24th days of March, 1868, as executor of said estate, said House did pay four separate amounts of money and pretended claims, a more particular description of which the plaintiff is unable to give, against the ·estate, to said David Lancaster, amounting in the aggregate to three thousand and fifty-three dollars and nineteen cents; that the said executor afterward, on the 25th day of July, 1868, reported to the court the said four receipts of said Lancaster, without any specification of items or evidence of debt, for which said amounts were paid, and was by the court allowed therefor the sum of three thousand and fifty-three dollars and nine cents, without any claim, affidavit, or entry being made on the appearance docket of this court, or being filed in the clerk's office of this court, or other place, to the knowledge of this plaintiff. A copy of said report, it is alleged, is filed with the complaint. It is further averred that the said pretended claims of Lancaster were unjust and fraudulent, of which the executor had notice; but, combining and confederating with said Lancaster to cheat and ·defraud the estate and these plaintiffs, the said executor paid the said sums out of court, and without the knowledge of the plaintiffs; and by the payment thereof the assets of said estate in the hands of said executor were so reduced in .amount that he was not able to pay the debts of said estate out of the personal property, when the personal property was sufficient to pay the same, nor has he been able to pay the statutory allowance of three hundred dollars to said Almeda, as the widow, for said reason, when said estate was sufficient to pay all just debts, and leave three thousand dollars in personal and real estate to be distributed among the plaintiffs; wherefore the plaintiffs pray that the allowance and payment of the pretended claims of said Lancaster by said executor, and the allowance to the executor by the

court therefor be reviewed, reversed, and set aside; and that they may be allowed to contest the same."

The demurrer of Lancaster was on two grounds:

1. That the complaint did not state facts sufficient to constitute a cause of action; and,

2. That the plaintiffs have not legal capacity to sue.

It is not alleged that the plaintiffs for whom Blair acted as next friend were infants; but this would hardly be ground for demurrer. It should probably be corrected by a motion to strike out the name of the next friend. Assuming that those of the plaintiffs for whom he sued as next friend were of age, they were properly parties, so far as this point is concerned, and his name was merely unnecessary, and should have been struck out. Upon both grounds of the demurrer, we think the law is with the appellees. It is provided, that any person interested in an estate, settled according to section 116, p. 518, 2 G. & H., may have the settlement set aside for mistake or fraud at any time within three years after the settlement; and if under disabilities at the time of the settlement, then within three years after the removal of the disabilities. It is true that that section relates to final settlements, and this one is not shown to have been final. *Camper* v. *Hayeth*, 10 Ind. 528, was a case relating to a final settlement. *Bell's Adm'r* v. *Ayres*, 24 Ind. 92, is a case very much like the one under consideration. That was an action by a legatee against the administrator and a creditor of the estate, alleging that the administrator had fraudulently allowed and paid the creditor's claim, knowing it to be unjust; and that by such payment the assets of the estate would be so reduced as to be insufficient to pay the plaintiff's legacy; and praying that the allowance of the claim, and the report thereof by the administrator, be set aside, and the plaintiff allowed to contest the claim. It was held, that the plaintiff showed a sufficient interest to enable him to sue, and, also, that the relief sought could not be obtained by appeal from the order of the court allowing the claim, and that the action would lie. There had been no final set-

tlement in that case. On the authority of that case, we hold that the complaint was sufficient, and that there was no error in overruling the demurrer thereto.

We could not reverse the judgment for the failure of the court to strike out the parts of the complaint referred to in the motion, to which the second assignment of error relates. Surplus matter should be struck out, but a failure or refusal to do so does not, as a general rule, constitute an available error.

Aaron House, the executor, having departed this life, his death having been suggested, and Fountain G. Robertson, the successor in the trust, having been made a defendant in his stead, the defendant Lancaster then again demurred to the complaint; this time for the reason that the administrator of the estate of House was not made a party also. The overruling of this demurrer is the third error alleged. We think it was unnecessary to make the administrator of the estate of House a party. It is not shown that he had appropriated any of the assets of the estate to his own use. The allegation is, that he had illegally and wrongfully paid the same out to Lancaster. It is probable that his estate was liable for any injury sustained by those interested in the estate of Gould. The liability was not joint in such a way as to make it necessary that the plaintiffs should pursue their remedy against his estate in this action. They had all the necessary parties to this action in court, without the administrator of the estate of House.

The next error alleged is the sustaining of the demurrer of the plaintiffs to the fourth paragraph of the answer of Lancaster. That paragraph states, that at and before the time of the allowance of the claim of this defendant by said executor, the plaintiff in this action well knew of the existence of the indebtedness of said estate to this defendant upon the items set forth in the list filed herewith and made part hereof, and had full knowledge of all the facts connected therewith, and that said claims were just and owing

from said estate of Stephen V. Gould, deceased, to this defendant, and that this defendant was insisting and claiming that they were just and valid claims against the estate of said Gould, and consented to and agreed that said claim should be allowed and paid by said executor to this defendant; and for the purpose of procuring money and means with which to pay off and discharge the same, and the other debts of said estate, she consented to and approved of an application by said executor for the sale of certain lands and real estate belonging to the estate of said Stephen V. Gould, and aided and assisted in procuring the order of the court for the sale of said lands, under and by virtue of which order so made by the court said lands were sold, and purchased by this defendant; and he was thereby induced to and did purchase the same, for the purpose of enabling said executor to procure the means for the payment of this defendant upon his claims aforesaid, and the other debts of said estate ; and that the payments to him, upon the allowances in the complaint mentioned, were made to the extent therein named, in the conveyance to him of the land aforesaid, so sold by said executor and purchased by this defendant as aforesaid, under and by virtue of said order of the court as aforesaid. And this defendant specially denies all the allegations of the complaint. There is a paragraph of general denial in the answer, and hence any part of this paragraph containing denials merely is unnecessary. There is a fatal objection to the paragraph, we think, as an answer of estoppel, and that is, that it sets up acts and admissions of only one of the plaintiffs as a bar to the action. It is pleaded in bar of the action, generally, and at best can only amount to a bar as to one of the plaintiffs.

The fifth error relates to the refusal of the court to strike out the answer of the defendant Robertson. This question was not reserved by a bill of exceptions, and consequently is not properly before us for decision.

The sixth question relates to the ruling of the court on the demurrer to the first paragraph of the answer of Lan-

caster. That paragraph of answer is as follows: "And for answer to the complaint herein, this defendant, David Lancaster, says that his co-defendant, Aaron House, departed this life testate on the —— day of October, 1871, and on the —— day of ————, 1871, one Abel House duly qualified as the executor of the last will and testament of said Aaron House, deceased; wherefore defendant says that said Abel House, as executor of the will of Aaron House, ought to be joined as a co-defendant in this action. We have already decided this question in speaking of the second demurrer to the complaint, and need not further consider it in this place.

We come lastly to the consideration of the question as to the correctness of the ruling of the court in refusing a new trial. The jury found a general verdict for the plaintiffs, and also found, in answer to questions, that Gould was not indebted to Lancaster, and that there was fraud and collusion between House and Lancaster in the allowance and payment of the claim to Lancaster by House. The judgment was, that the allowance of the claim be set aside and held for naught, and that the plaintiffs recover their costs. The jury, as we have seen, found that there was no indebtedness on the part of Gould to Lancaster. We think it quite clear that this verdict is not sustained by the evidence; and yet, if it is to stand, the defendant would seem to be barred of any claim against the estate, although the object of this action was to set aside the allowance, and be permitted to defend against the claim. It seems quite clear from the evidence, that there was an indebtedness on the part of Gould to Lancaster at the time of the decease of Gould. Mrs. Gould herself, as we understand her, testified that her husband told her that he had purchased Lancaster's share in the mill, which they had jointly owned, for the sum of nineteen hundred dollars, and that she thought no part of it had been paid. The evidence also shows other items of indebtedness of Gould to Lancaster; that Gould was to pay the partnership debts of the firm when he purchased Lancaster's share,

and that he had not done so. It seems to us that great injustice would be certain to result, if the verdict and judg-ment are allowed to stand.

We need not decide whether in our opinion the whole amount of the claim of Lancaster should have been allowed' and paid by the executor, House, or not. We may say, however, that the mere fact that his claim was not made out in an itemized or detailed form was no objection to its allow-ance. The executor might legally allow the claim, if found by him to be correct, without this. In this instance, he seems to have used some diligence to ascertain whether the claim was correct or not, and to have called to his assistance some other persons, whom he supposed to have knowledge and skill superior to his own.

The judgment is reversed, with costs, and the cause remanded, with instructions to grant a new trial.