# ELIAS S. GIBSON *et al.*

## *v.*

# ASENATH GIBSON *et al.*

1. JUDGMENT—*against administrator not conclusive on heir.* On creditor's bill to subject land conveyed by a deceased person to his son, the judgment of the county court allowing the claim is only *prima facie* evidence, and is not conclusive on the heir. He has the right to contest the indebtedness, even though the conveyance to him may have been colorable only.

2. WIDOW—*claim against husband's estate—proof required.* Where land conveyed by a father to his son is sought to be subjected to the payment of a claim in favor of the grantor's widow, by bill in chancery, clear proof will be required to show her claim to be *bona fide.* It seems its allowance by the county court, without other proof, is not sufficient.

WRIT OF ERROR to the Circuit Court of Marion county; the Hon. SILAS L. BRYAN, Judge, presiding.

Mr. HENRY C. GOODNOW, for the plaintiffs in error.

Messrs. SMITH & HUBBARD, for the defendants in error.

Mr. JUSTICE BREESE delivered the opinion of the Court:

Persons styling themselves creditors of one John Gibson, deceased, exhibited their bill on the equity side of the Marion circuit court, making Elias Gibson and one Enoch Sceife defendants, the scope of which was to subject the lands of deceased to sale for the payment of their debts, on the allegation that the debts were due by Gibson at the time of his death, and some of them had been allowed by the administrator of the intestate, and others, specifying them, by the probate court and the circuit court.

The material allegation in the bill is, that the debts claimed are due, and that the deceased conveyed the land in question to his son, Elias Gibson, a short time before his death, in fraud of complainants, they then being creditors of the deceased grantor.

The answers deny the material allegations of the bill.

The cause was heard on bill, answers of defendants, replication and proofs, and a decree passed as prayed.

To reverse this decree, this writ of error is prosecuted, and various points made. In the view we have taken of the case, it will not be necessary to consider all of them.

The record does not show that any of these claims had been allowed by the judgment of any court of competent jurisdiction. No exhibits showing this were referred to in the bill of complaint, and none produced on the hearing.

The defendant Elias Gibson was the son and only heir at law of John Gibson, deceased, to whom this land descended, and who became, by the descent cast, possessed of the legal title, which could not be divested by any proceeding to which he was not a party, as held by this court in *Stone et al.* v. *Wood, Admr.* 16 Ill. 177.

A judgment in any court against the administrator was not a judgment against this land, or a lien upon it. The heir has a right to contest the claims. This he was precluded from, in effect, by the ruling of the court, as the court excluded his inquiry as to the question whether there was any proof of the justice of these claims when the administrator and court allowed them. The judgments against the administrator being only *prima facie* evidence against the heir, they were open to investigation, on this bill to subject the land of the heir to their payment.

The principal complainant was the widow of the deceased, claiming to be a creditor to a large amount. How she became such, is nowhere shown. As widow, her dower had been set off in this tract of land, and before the balance could be made subject to her claim, there should be clear proof she was a *bona fide* creditor.

But it may be urged, Elias Gibson did not claim the land as heir at law of his father, but as a purchaser from him, and that purchase colorable and fraudulent. This may be admitted, but still the fact remains, the descent was cast upon him, and he had the legal title to the land as heir at law. No matter, then, how vulnerable his title as purchaser may be, that of

heir at law is invulnerable, of which he can not be divested, save by proceedings to which he was a party, or by proof of judgments lawfully obtained against the administrator, the validity of which he has a right to contest. This doctrine is reiterated in *Hopkins et al.* v. *McCann, Admr.* 19 Ill. 113.

For the reasons given, the decree is reversed and the cause remanded.

*Decree reversed.*