SOPHIA GOEPPNER et al.

v.

HANNAH LEITZELMANN, Admx.

*Filed at Mt. Vernon May 11, 1881.*

1. ADMINISTRATION OF ESTATES—*allowance of claim—whether conclusive upon the heirs.* The allowance of a claim against an estate, in an *ex parte* proceeding in the county court, is not necessarily conclusive upon the heir. The judgment against the administrator is only *prima facie* evidence, as against the heir, and is open to investigation on an application for an order to sell the land of the heir for its payment.

2. SAME—*where administrator collects rents—in what capacity chargeable.* Although the heir may question the right of the administrator to collect rents arising from the real estate, and claim any money received by the administrator on that account as his own, yet, if the heir choose to treat the money so received by the administrator as in his hands for the payment of debts, the latter can not complain if he is charged therewith, on an application to sell the land of the heir to pay the debts of the estate.

WRIT OF ERROR to the Appellate Court for the Fourth District; the Hon. TAZEWELL B. TANNER, presiding Justice, and the Hon. JAMES C. ALLEN and Hon. GEORGE W. WALL, Justices;—heard in that court on appeal from the Circuit Court of Jasper county; the Hon. JOHN H. HALLEY, Judge, presiding.

Joseph Leitzelmann died in March, 1874, leaving a widow, Hannah Leitzelmann, and the following children: Maggie Boos, Sophia Goeppner, and Joseph Leitzelmann, Jr., his only heirs at law. Mrs. Leitzelmann was appointed administratrix.

At the February term, 1877, of the county court, Hannah Leitzelmann filed her petition for the sale of real estate to pay debts, alleging that she had rendered "a just and true account of the personal estate and of the debts of the deceased," and attached thereto a statement purporting to be a statement of the true condition of the estate. The proceeds

of the personal estate described in the inventory amounted to $2833.23, and the debts and demands allowed against the estate amounted to $11,974.66. She further alleged that she had applied the proceeds of the personal estate toward the payment of debts, and then set out a list of real estate, of which, it was alleged, Joseph Leitzelmann had died seized.

The petition also showed that Maggie Boos had died, leaving surviving her two children, her only heirs at law, Francis P. Boos and Joseph A. Boos, who were minors. These children and grand children were made parties defendant to the petition, as well as Joseph Boos, the guardian of these minors.

Joseph Leitzelmann, Jr., one of the heirs of deceased, made no defence. Answers were filed by Mrs. Goeppner, and in behalf of the minor grand children.

Included in the list of claims allowed against the estate were two items which were disputed by these defendants. One is a claim allowed in favor of Joseph Leitzelmann, Jr., of $1800, and the other a claim allowed in favor of Hannah Leitzelmann (the administratrix), of $5330. The other claims were not questioned.

In the answer of these contesting defendants it was charged that the administratrix had not made "a full and perfect inventory of the goods of the estate," but they alleged that Joseph Leitzelmann, at his death, was the owner of a large amount of personal property which was not included in the inventory, amounting, as they claimed, in value to about $3150, and charging that the administratrix had dishonestly and fraudulently omitted the same from the inventory, and converted the same to her own use; and the answer further charged that the claim in behalf of Mrs. Leitzelmann of over $5000 was fraudulent, false and fictitious, and had no foundation in fact, and that the claim allowed in favor of Joseph Leitzelmann, Jr., was not just, and that the administratrix had fraudulently allowed the same against the estate.

It was also charged in the answers that after the death of Joseph Leitzelmann, Sr., the administratrix had received a large amount of money for the rent of certain real estate that belonged to the estate, which she had converted to her own use, and that Joseph Leitzelmann, Jr., had received a large amount of money from the rents of property belonging to the estate, which ought to be charged against him, and applied in satisfaction of whatever claim he really had, if any, against the estate. And it was insisted in the answer that it was not necessary to sell any of the real estate to pay the real debts.

This controversy was brought to a hearing in the county court, a default being entered against Joseph Leitzelmann, Jr., and upon the hearing of the evidence, all of which was preserved in the bill of exceptions, the county court found " that said petitioner, as administratrix, had not made a just and true account of the condition of the estate of the said deceased to this court, and that, of the personal estate of the deceased, the administratrix had omitted from the inventory, and converted to her own use, personal property of the estate, in the aggregate of the value of $1095."

The court further found, that of the claim allowed in favor of the said Hannah Leitzelmann against the estate, to the amount of $5330, there was improperly allowed the sum of $4330, and that the true amount should have been the sum of $1000.

The court further found, that the administratrix had received and appropriated to her own use, personally, and not as administratrix, rents and profits arising from certain portions of the real estate, since the death of her intestate, the sum of $690.29, and that the just amount of her claim against the estate had been fully paid.

The court further found, that Joseph Leitzelmann, Jr., had received rents and profits of the real estate of deceased, since his death, in the sum of $429.29, which ought to be credited upon the claim allowed him against the estate.

The court, therefore, found that the personal property was not sufficient for the payment of the just debts, and that the deficiency amounted to about the sum of $2698.62, and accordingly ordered a sale of so much of the real estate as should be necessary to pay that amount.

From that decree Mrs. Leitzelmann, as administratrix, took an appeal to the circuit court. In the circuit court the case was tried before the court, by consent, upon the evidence preserved in a bill of exceptions containing all the evidence before the county court.

The circuit court found there was due to Mrs. Leitzelmann the sum of $2800, exclusive of the widow's allowance. That court also found the entire indebtedness of the estate, exclusive of the widow's allowance, to be $9440.66; that the available proceeds from the property inventoried amounted to $2833.23; that the administratrix had failed to put in the inventory personal property of the estate amounting in value to $962, making the assets of the estate in her hands for the payment of debts equal to $3795.23, and that the deficit necessary to pay debts was $5645.43. Therefore, the court entered an order and decree that the administratrix should proceed to sell so much of the real estate mentioned in the record of the county court as should be necessary to pay this indebtedness, with costs of suit.

To that decision of the circuit court the heirs contesting the claim of the administratrix excepted, and appealed from the judgment of the circuit court to the Appellate Court. The cause was heard upon the record in the Appellate Court, and the decree of the circuit court was there affirmed, and the contesting heirs bring the case to this court on error, for review.

Mr. JAMES W. GIBSON, for the plaintiffs in error:

Where an administrator applies for leave to sell real estate for the purpose of paying claims allowed against the estate of his intestate, the allowance of such claims is not conclu-

sive as against an heir, and he may dispute the indebtedness. *Stone* v. *Wood,* 16 Ill. 177; *Hopkins* v. *McCann,* 19 id. 113; *Rosenthal* v. *Renick,* 44 id. 207; *Helm* v. *Cantrell,* 59 id. 524; *Gibson et al.* v. *Gibson et al.* 82 id. 61.

The widow is chargeable with the rents and profits received by her from the estate, because the rents go to the heirs. *Foltz, Admr.* v. *Prouse,* 17 Ill. 487. And the heirs may show that the administrator has received rents and profits from the occupation of decedent's estate more than sufficient to pay the debts due from the estate. *Dorman* v. *Lane,* 1 Gilm. 143.

Mr. D. B. BROWN, and Mr. J. M. HONEY, for the defendant in error:

We concede the right of the heirs in this case to resist the claim allowed by the county court, but the law is that the allowance of the claim by the county court is *prima facie* evidence of its correctness, and it rests with the heirs to show that the claim was erroneously allowed. *Stone* v. *Wood,* 16 Ill. 177. And the heirs have only the right to contest the validity of the claim, (*Gibson et al.* v. *Gibson et al.* 82 Ill. 61,) not to review the entire administration of the estate, as is attempted to be done here.

The administratrix could not receive rents from the land of the estate in her capacity as administratrix, but only as an individual,—therefore, she is not chargeable with rents received, in this proceeding.

Mr. CHIEF JUSTICE DICKEY delivered the opinion of the Court:

It is insisted in behalf of the plaintiffs in this court, that the appeal taken from the county court to the circuit court was not taken in the mode prescribed by law, and hence that the circuit court erred in refusing to dismiss the appeal. From the view we take of this case it is unnecessary to pass upon that question.

We have examined with care the evidence in this case, and we are persuaded that the findings of the county court were substantially correct, and hence upon the hearing in the circuit court the judgment of the county court should have been affirmed.

The evidence preserved in the record is very voluminous, and arranged in a manner so inartistic as to render its investigation a work of great labor. The abstract and arguments of counsel in the case have given us but little aid in this respect. After a careful investigation, however, of the testimony, as found in the record, it is plain that the administratrix fell far short of doing her duty in the statement of the assets in the inventory to the county court, and she attempted a gross wrong upon the estate in her claim for over $5000 against the estate. For this reason alone the county court might, with great propriety, have dismissed her petition for the sale of real estate. Inasmuch, however, as the contesting heirs did not appeal from the decision of the county court, it is not necessary that we should disturb the judgment of the county court directing the sale of real estate. The only matter contested in the circuit court was that of the extent of the true liabilities of the estate. It could serve no good purpose were we to discuss in detail the proofs bearing upon these issues. We content ourselves with saying that we think they sustain the finding of the county court.

In the *ex parte* proceeding in adjusting the claims to be allowed against the estate, the allowance to Hannah Leitzelmann was $5330. It is here strenuously insisted by her counsel that the allowance of the claim, in the *ex parte* proceeding before the county court, was conclusive, and that the heirs in this proceeding could not call it in question. That position was taken in the case of *Gibson* v. *Gibson,* 82 Ill. 62, and it was in a like proceeding. It was there said, the heir has a right to contest the claims. "The judgments against the administrator being only *prima facie* evidence against the

heir, they were open to investigation, on this bill to subject the land of the heir to their payment."

It is also insisted by counsel for defendant, that she is not chargeable with the amount of rents which she had collected from the real estate of deceased after his death, and this upon the ground that she received them personally, and not as administratrix. While it may be true that the heirs might question her right to thus receive rents of the estate, and claim the money as their own, still, if they choose to treat such moneys as in her hands for the payment of debts of the estate, she can not complain if she is charged therewith. The allowance of such a claim against an administrator was sustained in the case of *Dorman* v. *Lane*, 1 Gilm. 143.

The judgment of the Appellate Court is, therefore, reversed, and the cause remanded, with directions to reverse the judgment of the circuit court and remand the cause to the circuit court, that the judgment of the county court may be there affirmed.

*Judgment reversed.*