(46 App. Div. 513.)

BURNHAM v. BURNHAM et al.

(Supreme Court, Appellate Division, First Department. January 5, 1900.)

1. EVIDENCE—JUDGMENTS—PRIVITY BETWEEN EXECUTOR AND DEVISEES.
    In an action against devisees to recover a debt due plaintiff from their testator, a judgment obtained by plaintiff against the testator's executrix is not evidence tending to establish the existence of the debt as against the devisees, there being no privity between them and executrix.

2. EVIDENCE—PRESUMPTION IN FAVOR OF JUDGMENT.
    A judgment against an executor is not made presumptive evidence of the debt in other proceedings than those before a surrogate for the sale of real estate, by Code Civ. Proc. § 2756, which provides that, when a judgment or decree has been rendered against an administrator or executor for a debt due from decedent after a trial upon the merits, such judgment or decree shall be presumptive evidence of the debt.

3. ADMISSIBILITY OF EVIDENCE—TESTIMONY IN FORMER ACTION.
    Proof of what witnesses, now deceased, testified to in an action against testator's executor, is not admissible in an action against testator's devisees to show the existence of a debt, the subject of both actions, on the ground that defendant in one action was in privity with the defendants in the other.

4. COMPETENCY OF EVIDENCE—TRANSACTIONS WITH DECEASED.
    Evidence of plaintiff, in an action against decedent's devisees, as to conversations which took place in his presence between decedent and his son, is properly excluded under Code Civ. Proc. § 829, providing that on the trial of an action against an administrator, survivor, etc., a party interested in the event shall not be examined in his own behalf as regards a personal transaction with deceased, except where the administrator, survivor, etc., is examined in his own behalf.

5. SUFFICIENCY OF EVIDENCE—BOOKS OF ACCOUNT.
    It was claimed that defendant's testator had overdrawn his account as member of a firm. Books of the firm were introduced to show this. It did not appear that they were all the books kept, or what the condition of accounts was at the beginning of the partnership. An abstract made by an expert accountant, purporting to show the state of the books, was in evidence, but all the books had not been examined in preparing it. *Held* insufficient to establish the amount due plaintiff from testator.

Appeal from special term, New York county.

Action by Beekman T. Burnham against Emily A. Burnham and others. From a judgment for defendants (58 N. Y. Supp. 196), plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and RUMSEY, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

William B. Ellison, for appellant.
William F. Upson, for respondent Emily A. Burnham.
Charles Strauss, for infant respondents.

RUMSEY, J. The action was brought to charge the defendants, as devisees under the will of Elbert L. Burnham, for a debt of the

decedent, pursuant to section 1843 of the Code of Civil Procedure. After trial at special term the complaint was dismissed, and from the judgment entered upon that dismissal this appeal is taken.

The learned justice who decided the case held that the plaintiff had not established the debt against the decedent, and that the claim of the plaintiff against the defendants here was barred by the statute of limitations. In the view which we have taken of this case, it is not necessary to consider the correctness of the latter conclusion, because we are of the opinion that the court was right in holding that the ·evidence did not prove that the decedent was indebted to the plaintiff. Before this action was brought the plaintiff had recovered a judgment against the executor of the decedent. This judgment was offered in evidence, the plaintiff claiming that it was sufficient to establish at least prima facie against the defendants the existence of the debt. It was objected to by the defendants upon the ground that the devisees were not in privity with the executrix, and that therefore the judgment was not evidence against them. The court, while seeming to accede to this proposition, received the judgment in evidence. The plaintiff therefore has no ground to complain in that regard. But it is apparent that upon the final determination of the case the court did not regard the judgment as conclusive evidence of the debt, and it is not at all certain that it was even accepted as prima facie. It is necessary therefore to consider what weight was to be given to that judgment as proof of the debt. There can be no doubt that at common law an heir or devisee was not in privity with the executor of the decedent. Williams, Ex'rs, p. 315; Sharpe v. Freeman, 45 N. Y. 802; Baker v. Kingsland, 10 Paige, 366; Ferguson v. Broome, 1 Bradf. Sur. 11. That rule has never been limited in this state, nor has the relation of a devisee of a decedent towards his executor been at all changed. It is quite true that many years ago it was provided that, in a proceeding before a surrogate to sell the real estate of the decedent to pay his debts, the judgment against the executor was presumptive evidence of the debt. Code Civ. Proc. § 2756. But, while that provision of the Code changes the rule in as far as that particular proceeding in the surrogate's court is concerned, it does not apply to any other court, to change the rule as it was at common law. The principle is so well established in this state that further discussion is not necessary upon this point. We have examined the cases cited in other states in which it has been held that such a judgment is either prima facie or conclusive evidence against the heirs of the decedent. It is sufficient to say, perhaps, that these cases do not affect the rule in this state. The cases themselves are decided upon a view of the law which has never been taken in this state, and we cannot follow them in the face of the well-settled principles established here. The conclusion we have reached in that regard is, therefore, that the plaintiff is not aided in this action by the judgment which he recovered in the action against the executrix, because that judgment is not evidence against these defendants.

The plaintiff, after proving that certain of the witnesses who had given testimony of the trial of the action against the executrix were

dead, offered to prove what had been testified to by them; claiming that that testimony was material, because it tended to show the existence of the debt, and that it was competent, because the defendant in the action in which it was given was in privity with the defendants in this action. The defendant in that action was the executrix of Elbert L. Burnham, and in this action the defendants are the devisees under his will. As we have seen, there is no privity between them, and the parties are not the same; nor is there any such identity of interest as would permit the admission of testimony of this nature, and the ruling of the learned justice in excluding it was correct.

The evidence of the plaintiff as to the conversations which took place in his presence between the decedent and his son was, as we think, properly excluded under section 829 of the Code of Civil Procedure.

The plaintiff offered in evidence, as tending to prove the debt, the books of the firm of which the plaintiff and the defendants' testator had been members. The debt which the plaintiff sought to recover was based upon the claim that the defendants' testator had overdrawn his account as a member of the firm, and the amount claimed was the proportion of the overdraft to which he was entitled. It was claimed by him that the fact of this overdraft was shown by the books which were offered in evidence and received. It appeared that the firm had been in business some time before 1865, and that it had continued after 1865, and down to the time of the death of the defendants' testator. The books which were offered and received in evidence began in 1865, and contained a part of the dealings of the firm until the time of the testator's death. But it does not appear that the books offered were all the books in which the accounts in question were kept, nor what was the condition of the accounts of the parties when the continuation of the partnership began; nor are the books presented here, so that we can determine anything as to the accounts themselves. There is presented, however, an abstract of the books, made by one who says he is an expert accountant; but it appears that one or two of the books of the firm from 1865 to 1888 were lost, and that in making the abstract presented the accountant did not examine the lost books. It is not made clear, therefore, that the abstract was an accurate statement of the result of the examination of all of the books of the firm; and for that reason the court below cannot, nor can we, rely upon it as establishing the amount due from the testator to the plaintiff.

The result of the consideration of the whole case, therefore, is that the determination of the court below that the plaintiff had failed to prove, as against these defendants, the debt which laid as the basis of this action, was correct, and we find no error in his rulings; and for these reasons the judgment must be affirmed, with costs to the defendants.

PATTERSON, O'BRIEN, and INGRAHAM, JJ., concur. VAN BRUNT, P. J., concurs in result.