Dessaint v. Foster, Adm'r.

72 639
79 215
72 639
105 573
72 639
110 549

DESSAINT v. FOSTER, ADM'R.

1. **Estates of Decedents**: SETTING ASIDE ALLOWANCE OF CLAIM: SHOWING. While an order allowing a claim against an estate is not technically a judgment, (see cases cited in opinion,) it is an adjudication that the claim is just and valid, ( *Voorhies v. Eubank*, 6 Iowa, 274,) and should not be set aside without a showing of merits; and *held* that an affidavit of the administrator's attorney, setting up matters not within his personal knowledge, and that the claimant had no claim in law or equity against the estate, (which was but the statement of a 'legal opinion,) was insufficient to justify a setting aside of the order of allowance.

*Appeal from Scott District Court.*

SATURDAY, OCTOBER 15.

PLAINTIFF filed a claim against the estate of which defendant is administrator, and caused defendant to be served with an original notice, which informed him that the claim would be for hearing at the February term, 1886, of the district court; the matter of the settlement of the estate having been previously transferred from the circuit to the district court. Defendant did not appear at that time to resist the allowance of the claim, and, upon a hearing, the court entered an order allowing it, and directing defendant to pay it out of the assets of the estate in his hands. At the next term of the court he appeared by his attorney, and filed a motion

to set aside the order of allowance, which was sustained, and the present appeal is from that order.

*Charles Whitaker*, for appellant.

*George E. Hubbell*, for appellee.

REED, J.—The motion to set aside the order allowing plaintiff's claim was supported by the affidavit of defendant's attorney, in which he testified that, when the original notice was served on defendant, he requested plaintiff's attorney to inform the affiant of the filing of the claim; and that said attorney neglected to do that, but called up the claim at a time when neither defendant nor his attorney was in court, and procured its allowance. It is also alleged in the affidavit that plaintiff "has no claim, in law or equity, against the estate." It was on the showing contained in that affidavit that the order appealed from was made. It is to be observed that the statement in the affidavit as to what had taken place between defendant and the attorney for plaintiff relates to a matter which, from the nature of the case, could not have been within the personal knowledge of the affiant. As to that matter he testified from information derived, as we suppose, from his client. His testimony on that point is hearsay and incompetent, and it appears to us that nothing is shown by his testimony which warranted the district court in setting aside the order. It is true that the order allowing the claim is not technically a judgment, ( *Foteaux v. Lepage*, 6 Iowa, 123; *Voorhies v. Eubank*, Id., 274; *Little v. Sinnett*, 7 Id., 324; *Smith v. Shawhan*, 37 Id., 533,) and we do not hold that the application for its vacation is governed by the rules which apply when an ordinary judgment is sought to be set aside. But it is an adjudication; it is a determination by the court, after hearing the evidence, that plaintiff's claim is just and valid, ( *Voorhies v. Eubank*, *supra*,) and it ought not to be disturbed without some showing that the administrator has a valid defense against it. The statement

that plaintiff has no claim against the estate is but the state-
ment of a conclusion, without any showing of facts to sup-
port it. In our opinion, it is not sufficient. What we hold is
that, while the court would be warranted in setting aside the
allowance of a claim which was shown to be unjust or invalid,
even where the administrator had negligently permitted the
order of allowance to be made, it ought not to disturb an
allowance once made, without a showing of the existence of
a meritorious defense.

REVERSED.