McLeary v. Doran.

McLEARY *et al.* v. DORAN *et al.*

1. **Estates of Decedents**: CLAIM FILED TOO LATE: JURISDICTION. The fact that a claim against an estate is filed more than a year after the publication of notice of administration does not affect the jurisdiction of the court to allow or reject it.

2. ———: PROOF OF CLAIMS: NOTICE WAIVED BY APPEARANCE. The allowance of a claim against an administrator cannot be assailed on the ground that he was not notified of the hearing, where it appears from the record that he was present and had an exception entered to the order, and his subsequent report shows that he employed counsel and resisted the claim.

3. ———: ALLOWANCE OF CLAIM: HOW FAR BINDING UPON HEIRS. Where a claim has been adjudicated against an administrator, it is so far binding upon the heirs that they cannot have the allowance set aside, as against the claimant, by exceptions to the administrator's report. If the administrator has been guilty of maladministration in allowing a claim, or colluding with a claimant, the heirs may have recourse against him and his sureties. (*Dessaint v. Foster,* 72 Iowa, 639, *distinguished.*)

*Appeal from Polk District Court.*—Hon. MARCUS KAVANAGH, JR., Judge.

FILED, JANUARY 31, 1890.

THIS is a proceeding in probate by which the plaintiffs, who are the heirs-at-law of Samuel Hedges, deceased, demanded the cancellation and setting aside of an order of the court by which a claim of the defendant John M. Day was allowed and established against the estate. The defendant Simon Doran is administrator of the estate of said Hedges, and the

question as to the validity of the order was presented in the form of exceptions to the report of the administrator. The relief demanded was denied, and the heirs appeal.

*E. J. Goode* and *J. H. Phillips*, for appellants.

*Baylies & Baylies*, for John M. Day.

ROTHROCK, C. J.—I. Simon Doran was appointed administrator of the estate in September, 1885. Notice of administration was given on the fourteenth day of that month. The claim of Day against the estate was filed on the eighth day of October, 1886. It was founded on a promissory note. In the statement of the claim no reference was made to the fact that it was not filed within twelve months of the giving of notice of administration, as required by section 2421 of the Code. On the ninth day of November, 1886, the administrator made a report to the court, in which it appears that the estate was then fully settled, except the claim of Day; and reference was made to the fact that the claim was not filed within the year for filing claims, and that he had not allowed the same. On the twenty-eighth day of September, 1887, he filed another report, in which he referred to the claim of Day as follows: "I further report that the John M. Day claim remains in the same condition as at my last report." On the fifteenth day of December, 1887, the following proceedings were had in said court:

"No. 1559. Probate. Estate of Samuel Hedges, deceased. Proceedings on claim of John M. Day. Filed, October 8, 1886. John M. Day filed petition claiming from Simon Doran, administrator of above estate, $535.80, including interest on a certain promissory note, executed October 29, 1878, for three hundred dollars, by A. J. Kent and Samuel Hedges, which note is due, wholly unpaid, and his property, and asks that same be established and allowed as a claim against said estate. Duly verified by John M. Day. Order allowing claim: Now, on this day, this cause coming on

for hearing upon the petition of John M. Day for the allowance of a claim against said estate, filed after the expiration of the year allowed for the filing of claims against the estate, and the plaintiff being present in person and by attorney, and the court, having heard the evidence offered by the parties, finds that there are good and sufficient equitable grounds shown by the plaintiff why said claim was not proved within one year from the appointment of said administrator, and that said claim is not barred by the statute of limitations, but is a valid and subsisting claim against said estate, to the amount thereof, with interest; said liability being as surety upon the note sued on. It is, therefore, ordered and adjudged that the plaintiff John M. Day have and recover of Simon Doran, as administrator of the estate of Samuel Hedges, the sum of $573.30, with interest from this date at ten per cent. per annum, and also the costs of this suit; and it is ordered that the same be paid by said administrator out of the assets of said estate,—to all of which the administrator excepts.

"MARCUS KAVANAGH, JR., Judge."

On the twentieth day of March, 1888, the administrator filed the following supplemental report :

"Samuel Hedges' Estate. Comes now the administrator, Simon Doran, and amends his report filed September 28, 1887, by showing * * * that in this suits have been tried, and since said report was filed the John M. Day claim has been allowed, thus making an additional claim of $573.30, with interest at ten per cent. since December 15, 1887. I was obliged to attend said trial with counsel, and I ask as compensation the $21.77, being balance of two and one-half per cent. in full, as claimed in report filed November 9, 1886, and I ask an order for payment of the Day claim, as well as balance due myself, and ask that, upon filing vouchers showing payment of same, that I be discharged.

"SIMON DORAN."

The present proceedings were commenced on the twenty-sixth day of March, 1888, and the papers filed by the plaintiffs attack the report, and except thereto,

on the ground that the claim of said Day was invalid and void; not filed nor proved within the proper time; that the estate had before that been settled up, and proceeds distributed to the heirs; and that the court was without jurisdiction to try and determine the validity of said claim. The administrator did not file any written resistance to said claim. This was not necessary. It was his right to resist its allowance without any pleading on behalf of the estate (Code, sec. 2410); and the order allowing the claim shows that the failure to file within one year was called to the attention of the court, and it was held that said claim was not barred by the statute of limitations.

II. It is claimed in behalf of appellants that the order allowing the claim is void on the face of the record, because the claim was filed after the expiration of one year from the giving of notice of administration, and it contained no averment of any equitable circumstances which would excuse the failure to file and prove the same within the year. This may be a good reason for compelling the claimant to amend the statement of his claim, but the defect did not, in our opinion, affect the jurisdiction of the court. The claim was not demurrable upon its face because it did not appear therefrom that it was not filed within the proper time. Even if it had so appeared, and a demurrer could have been interposed, that would not affect the jurisdiction of the court.

1. ESTATES of decedents: claim filed too late; jurisdiction.

III. It is further urged that the order was void because no notice was given to the administrator of the hearing of the application for the allowance. The record shows that the administrator was present at the hearing, and that he had an exception entered to the order; and the report which he subsequently made shows that he was present and employed counsel, and resisted the claim. The object of the notice is to enable the administrator to be present at the hearing, and interpose proper defenses to the claim, and it has uniformly been held that where a defendant appears to an action he cannot be allowed to

2. ——: proof of claims: notice waived by appearance.

claim that he was not served with notice; and we see no reason why the same rule should not apply to administrators as well as other parties.

IV.   It appearing upon the face of the record that the court had jurisdiction to try and determine the validity of the claim in controversy, the question for determination is, have the heirs of the decedent any right to question the adjudication by exceptions to the report of the administrator?. It is provided by section 2474 of the Code that mistakes in settlement may be corrected after final settlement, on showing such grounds of relief in equity as will justify the interference of the court.   This statute was evidently intended as a protection to heirs against the mistakes or fraudulent acts of administrators.   No authority is found therein for a proceeding to vacate an order of the court allowing a claim upon a hearing, unless it be made to appear that there was fraud or collusion between the administrator and the claimant; and we do not think the plaintiffs are entitled to the relief provided for by section 2475 of the Code, because they do not make any attack upon a settlement of the accounts of the administrator in their absence, and within three months.   They demand that an order made by the court upon a final hearing shall be vacated and set aside.   The law provides that claims against an estate shall be entitled in the name of the claimant and against the executor, that a trial by jury may be allowed, and that all proceedings of law applicable to an ordinary proceeding shall apply.   Code, secs. 2409, 2411.   No other person is required to be made a party to the proceeding.   Now, what is sought by the plaintiffs is not an order requiring the administrator to strike the allowance of Day from the settlement, and account to the estate the same as though no order had been made; but they propose to readjudicate the claim as to the defendant Day.   It is apparent that, if this may be done, the hearing provided by statute is a mere preliminary examination, subject to be impeached and tried over again at the incstane of the heirs, and the settlement of

*3. ——: allowance of claim: how far binding upon heirs.*

estates would thus be attended with serious embarrass-
ments. The administrator and the claimant are the
proper parties to the proceeding, and if the administra-
tor is guilty of maladministration in allowing a claim,
or colluding with a claimant, the heirs have recourse
against him and his sureties. But no such charge is
made against the defendant Doran. If the decision of
the court in allowing the claim was erroneous, the error
could have been corrected on appeal; and we know of
no other way to attack it, unless it be by a proceeding
based upon fraud.

We do not think that the case of *Dessaint v.
Foster*, 72 Iowa, 639, cited by counsel for appellant, is
in conflict with the views herein expressed. In that
case an administrator sought to set aside the allowance
of a claim against an estate, made in his absence, on
the ground that the claimant had no valid claim
against the estate. It was held that the order of allow-
ance might be set aside in a proper case. But in the
case at bar the administrator was not absent when the
order was made. He was present, and a full hearing
was had, and, so far at least as the rights of the claim-
ant are involved, it must be regarded as an adjudication.

This disposition of the case renders it unnecessary
to determine other questions argued by counsel.

AFFIRMED.