IN THE MATTER OF THE ESTATE OF SARAH G. DAVEN-
PORT, DECEASED, L. M. FISHER, *et al.*, CLAIMANTS,
Appellants.

**Estates of Decedents:** ALLOWANCE OF CLAIMS: ORDER SET ASIDE ON MOTION OF HEIR: Where within a few days after an order of court allowing a claim against an estate, and at the same term of court, one who was entitled to a distributive share in said estate, filed a motion to set aside said order alleging that said allowance was procured through fraud, and setting up facts showing a good defense to such claim; *held,* that the order of allowance was properly set aside.

*Appeal from Scott District Court.*—HON. C. M.
WATERMAN, Judge.

WEDNESDAY, MAY 18, 1892.

THIS appeal is by the claimants from an order sustaining a motion of Naomi and Kitty Davenport, heirs-at-law of Sarah G. Davenport, deceased, to set aside a former order establishing and allowing certain claims against the estate of Sarah G. Davenport, and setting the same down for further hearing upon their merits. Sarah G. Davenport was guardian of her son, George A. Davenport, an insane person, now deceased. M. D. Snyder was appointed administrator of both estates, and in February, 1889, filed claims against the estate of Sarah G. Davenport, and in favor of the estate of George A. Davenport, claiming twenty-seven hundred and sixty-seven dollars and fourteen cents on account of moneys received by Mrs. Davenport as guardian; also claims for four hundred dollars, and for thirty-nine hundred and thirty-three dollars and ninety-one cents, as due to L. M. Fisher and L. C. Dessaint, being claims allowed against the estate of George A. Davenport, deceased. Mr. Snyder being administrator in both estates, W. C. Putnam was appointed special administrator in the estate of Mrs. Davenport, and as such allowed said claims, the record whereof was approved by the district court February 12, 1889. In a

few days thereafter, and during the same term of court, to-wit: February 23, 1889, Naomi Davenport, heir-at-law of Sarah G. Davenport, filed her motion, duly verified, to set aside the order allowing said claims. Thereafter Kittie Davenport, another heir-at-law of said Sarah G. Davenport, joined in the motion and the amendment thereto. The motion and amendment show that, if established, it would be a valid defense to the claims, and alleges that the allowance thereof was procured by fraud and collusion between M. D. Snyder, administrator, and W. C. Putnam, special administrator. The appellants filed exceptions to said motion, which were overruled, and the ruling is assigned as error. Thereafter M. D. Snyder, as administrator of the estate of Sarah G. Davenport, filed his answer to said motion, denying that the allowance of said claims was fraudulently procured, and alleging a former adjudication, whereby said Naomi and Kittie Davenport are estopped from claiming the relief asked. With the motion certain affidavits and counter affidavits were submitted, and upon these the court found that there was a just and full defense to said claims set forth; "and that the persons interested in said estates should have an opportunity to establish the same if true; that, according to the showing made, said claim was wrongfully allowed by the court." It was ordered and adjudged that the allowance be set aside, "and the matter of the proof of said claims, and each of them, is continued for further hearing on their respective merits." From this order and judgments the claimants L. M. Fisher, L. C. Dessaint, and M. D. Snyder, administrator, appeal.—*Affirmed.*

*Davison & Lane,* for appellants.

*Heinz & Hirschl* and *Bills & Haas,* for appellees.

GIVEN, J.—The contention of appellants is that the court erred in setting aside the order allowing and

establishing the claims in question. It is urged in argument that the appellees have no right to question those allowances by an application for a readjudication thereof. *McLeary v. Doran*, 79 Iowa, 210, is relied upon. That case is widely different in its facts from the one under consideration. There the only reason assigned by the heirs for a further hearing on the claim was that it had not been filed and proven within the time allowed by law. No other defense was shown against the claim. In the order allowing the claim the court expressly found "that there are good and sufficient equitable grounds shown by the plaintiff why said claim was not proved within one year from the appointment of said administrator," and therefore, as authorized by statute, allowed the same. Code, sec. 2421. It was not alleged that the allowance was fraudulently granted or procured. It appears in this case that, if these claims are to be paid out of the estate, the appellees will be required to refund seventy-five hundred dollars paid to them, and will be directly affected in the distributive share of their mother's estate. They filed this motion at the same term, and within a few days after the order of allowance which they seek to set aside, and show in their motion and affidavits facts which, if established, constitute a valid defense to each of these claims. They show in evidence circumstances tending to sustain that charge and the defenses which they set up to the claims. It surely cannot be said that upon such a showing these heirs are not entitled to relief. In *McLeary v. Doran*, *supra*, in speaking of section 2474 of the Code, it is said: "No authority is found therein for a proceeding to vacate an order of the court allowing a claim upon a hearing, unless it be made to appear that there was fraud or collusion between the administrator and the claimant." While it is true that the heirs are not required to be made parties to proceedings for the approval or disap-

proval of claims, yet it is certainly true that where they have an interest in the result, as these appellees have, and it is alleged that the administrator is failing or has failed to make existing valid defenses, the heirs shall be permitted to intervene and make such defenses.

The appellants contend in argument that the appellees are estopped from claiming this relief by reason of a former adjudication, the record of which is set out in the abstract. The appellees deny that any part of that record was offered in evidence, and we have before us a stipulation showing that it was not introduced or offered in evidence on the hearing of the case. We do not, therefore, consider this point in the appellants' argument. Without expressing any view as to the weight of the evidence, we announce as our conclusion that there was no error in the order of the district court setting aside the former order establishing these claims, and setting said claims down for further hearing. AFFIRMED.