Ruth Hendron *et al.* v. Emma Kinner *et al.,* Appellants.

.Allowance of Claims: PRESUMPTIONS FOR COURT AND REFEREE. In the absence of a showing to the contrary, it must be presumed, in support of the recommendation of the referee and the order of the court allowing a claim against decedent's estate, that there was evidence that the claim, apparently barred by limitations was not so barred.

Is AN ADJUDICATION. An order allowing a claim against decedent's estate is in the nature of an adjudication and cannot be set aside and new trial had, as a matter of right, but only on showing of valid ground therefor.

FRAUD NOT SHOWN. The fact that an amendment to a claim against decedent's estate, filed after part of the evidence had been taken was materially different from the original claim, does not

show fraud and collusion on the part of the temporary administrator to whom the claim was referred.

·Order that Notice and Bond be Given: WAIVER BY COURT. A provision in an order appointing a temporary administrator to pass on the claim of the administrator, that he furnish a bond and publish for two weeks notice of his appointment, is waived by the court where the court approved the claim on the day of the order, with knowledge that bond had not been filed nor notice given.

*Appeal from Harrison District Court.*—HON. F. R. GAYNOR, Judge.

MONDAY, OCTOBER 16, 1899.

SUPPLEMENTAL OPINION

TUESDAY, FEBRUARY 6, 1900.

ACTION in equity to have set aside an order in probate allowing a claim against the estate of decedent. There was a hearing on the merits, and a decree in favor of the plaintiffs for the relief demanded. The defendants appeal. —*Reversed.*

*L. R. Bolter & Sons* for appellants..

*Sweeney & Walker* and *S. I. King* for appellees.

ROBINSON, C. J.—In November, 1896, William Kinner, then a resident of Harrison county, died intestate, without issue, seised in fee simple of a tract of one hundred and twenty acres of land in that county. The land was of the value of four thousand dollars, and there was personal property of the value of one thousand dollars. The widow of the decedent, Emma Kinner, was appointed administratrix of his estate in November, 1896. In January, 1897, she filed against the estate a verified claim for two thousand five hundred and ninety-one dollars and thirty cents, made up of the following items: For cash loaned the decedent during the year 1880, seven hundred and fifty dollars; for annual

interest thereon since January 1, 1881, one thousand and forty-four dollars; for cash loaned the decedent during the year 1881, three hundred and fifty dollars; for annual interest thereon since January 1, 1882, four hundred and forty-seven dollars and thirty cents. The district court appointed a temporary administrator "to examine and pass on" the claim; the order of appointment providing that the person appointed should furnish a bond in the sum of three thousand dollars for the faithful performance of his duties, and that he should publish in the Logan Nucleus for two consecutive weeks a notice of his appointment. The bond was not given, nor was the notice published, but the temporary administrator, after taking the oath of office, proceeded to take evidence in regard to the claims of the widow. While the examination was in progress, Mrs. Kinner filed what was termed an amendment to her claim, but which appears to have been a substitute for it as follows:

Estate of William Kinner, Deceased, in Account with Emma Kinner, Dr.

| | |
|---|---:|
| To money loaned the said William Kinner during the year 1880 | $ 750 00 |
| January 1st, 1881 | 350 00 |
| " " 1883 | 25 00 |
| " " 1885 | 35 00 |
| " " 1888 | 10 00 |
| " " 1890 | 30 00 |
| " " 1894 | 25 00 |
| | $1,225 00 |
| Interest on above since January 1, 1894 | 220 50 |
| Grand total | $1,445 50 |

This was also verified.

The temporary administrator completed his examination, and made a report to the court, in which he found in favor of the widow for the full amount of her claim as amended, and recommended its payment. The court examined the report, and took action as follows: "The court, on inspection of said verified account constituting said claim, which is approved by said special administrator, finds, upon hearing the evidence of the claimant, that the equities herein are

with the claimant. It is therefore considered and adjudged that the claimant herein, Emma Kinner, be paid out of the proceeds the sum of one thousand four hundred and forty-five dollars and fifty cents, and said claim shall be considered as a claim of the third class. * . * *"

The appointment of the temporary administrator, his examination of the claim and report thereon, and the adjudication by the court were all made on the thirtieth day of January, 1897. The plaintiffs are brothers and sisters of the decedent, and are non-residents of this state. They allege that they had no knowledge or information of the filing of the claim of the widow, nor of the proceedings in regard to it which we have set out, until about the first day of June, 1897; that they had and have a good defense to the claim; that, as originally filed it showed that it was barred by the statute of limitations; that as amended the claim shows that the entire amount thereof, excepting possibly the last item, is barred by the statute; that the claim is fictitious, fraudulent, and without any foundation in fact: that none of these defenses were urged by the temporary administrator when the claim was under consideration; that he neglected and ignored the interests of the plaintiffs; that the favorable report was obtained by the connivance, collusion, and fraud of the claimant with the temporary administrator, and resulted in the order of the court which allowed the claim; that the action and report of the temporary administrator were without authority and were unlawful; that he failed to comply with the order of the court by which he was appointed, in failing to furnish the bond and to publish the notice, which the order required; that the failure to do as required was an imposition on the court; and that the order allowing the claim was entirely unsupported by lawful evidence or investigation or knowledge on the part of the court. The relief demanded is that the order allowing the claim be set aside and a rehearing be ordered, and for general equitable relief.

The defendants are Emma Kinner in her own right and Emma Kinner as administratrix. They deny that the claim of the widow, or any part of it, was fictitious, or that it was barred by the statute of limitations, and aver that it is a valid and subsisting claim. They deny the alleged collusion and fraud in the procurement of the claim, and allege that the giving of a bond and the publishing of a notice by the temporary administrator were waived by the court. The defendants also aver that this action is barred by the statute because not made within three months after the claim was approved. The district court set aside the order of approval, and ordered a rehearing on the claim.

The court, in approving the claim on the day the temporary administrator was appointed, necessarily knew that the notice required by the order of appointment had not been published, and the evidence shows that it also knew that a bond had not been filed. It is clear that the court, in allowing the claim, intended to waive both the bond and the notice. There is no evidence whatever to sustain the allegations of collusion and fraud on the part of the temporary administrator. It appears that in considering the claim he took the testimony of the claimant and two other witnesses; but what their testimony was is not shown. The entry made by the court shows that it also considered the evidence for the claimant. There is nothing in the record which may be regarded as evidence which tends to show that the claim in question was invalid, or that there was any defense to it, unless it be that the claim showed on its face that it was barred by the statute of limitations. But it may be that evidence was submitted which showed that none of the items which made up the claim were so barred, and we must presume, in the absence of a showing to the contrary, that the evidence was sufficient to sustain the recommendation of the referee and the order of the court. The fact that the amendment to the claim was materially different from the original claim does not show

fraud. The amendment was filed after a part of the evidence had been taken by the referee, and sufficient ground for the change might have been shown by the evidence. It is said the testimony of the widow was incompetent, and should not have been received to sustain her claim; but it may have been competent for some purposes, and the allowance of the claim was not made upon her testimony alone. The order of the court allowing the claim was in the nature of an adjudication. The plaintiffs were not entitled to have it set aside and to have a retrial as to the validity of the claim as a matter of right, but were required to show some valid ground for setting it aside (see *Dessaint v. Foster,* 72 Iowa, 639; *Kows v. Mowery,* 57 Iowa, 20; *Cowins v. Tool,* 36 Iowa, 82), and that they have failed to do. We conclude that the district court erred in setting aside the order of allowance and ordering a rehearing of the claim, and its decree is REVERSED.

PER CURIAM.—The distinction between an action in equity to set aside an order entered by the probate court, and an application filed in that court asking that an allowance of a claim be set aside because improvidently made, seems to be lost sight of by the appellees in their petition for rehearing. Chancery will grant no relief in such a case, in the absence of a showing of fraud or mistake in the procurement of the order. Whether this is essential when the application is addressed to the probate court, was neither involved nor determined.

GRANGER, C. J., not sitting.