Estate of ANNA L. RABBETT, deceased, M. J. RABBETT,
    Individually and as Administrator, Appellant, v.
    JOHANNA CONNOLLY, ELIZA CONNOLLY and ELIZA-
    BETH HEARTY, Appellees.

**Estates of decedents:** CLAIMS: TEMPORARY ADMINISTRATION. A tem-
porary administrator appointed to investigate and report upon a
claim of the regular administrator against the estate has no au-
thority to allow more than the amount claimed.

**Same:**. CLAIMS: ALLOWANCE: SUBSEQUENT CORRECTION. The allowance by the court of a claim against an estate, while not a judgment is attended by the same presumptions, and ordinarily should be attacked in the same manner. But the probate court has a large discretion and control over the settlement of estates, and at any time before the final discharge of an executor or administrator may correct his accounts and settlements for mistake or fraud, including the erroneous account of a special administrator.

**Same:** ERRONEOUS ALLOWANCE OF CLAIMS: REMEDY: JURISDICTION. Where the heirs of a decedent had no notice of the proceedings for the allowance of a claim in favor of the general administrator, and were not represented and did not appear before the special administrator in resistance of the claim, and its allowance was manifestly erroneous, a motion to set aside the allowance made pending administration was timely, and was a direct attack justifying relief. And the motion was properly supported by affidavits of the heirs.

**Same:** SALE OF REAL ESTATE. The application of an administrator to sell real estate should be denied where the decedent's indebtedness has not been ascertained and there is a prima facie showing of sufficient personal assets.

*Appeal from Dubuque District Court.*—HON. ROBERT
BONSON, Judge.

THURSDAY, JANUARY 11, 1912.

THE trial court, sitting as a court of probate, made an order setting aside the allowance of a claim to M. J. Rabbett, and he, both in an individual capacity and as administrator of the estate of Anna L. Rabbett, appeals.—
*Affirmed.*

*Kenline & Roedell,* for appellant.

*Hurd, Lenehan & Kiesel* and *Lacy, Brown & Lacy,*
for appellees.

DEEMER, J.—Plaintiff is the administrator of the estate of his deceased wife, Anna L. Rabbett She died intestate and without issue, in June of the year 1907,

possessed of certain real and personal property. Plaintiff, M. J. Rabbett, was appointed administrator of the estate in January of the year 1908. He filed no inventory of the estate, no list of heirs, and no statement of any kind showing the amount of property belonging to the estate. On December 21, 1908, he filed a claim against the estate consisting of the following items:

Cash, paid in 1892 on various contracts for building house and making improvements and repairs ...................................$3,656.88
Cash, paid for city and county taxes, commencing 1893, including 1906 .................... 545.68
Cash, paid for repairs and improvements since death of decedent ........................ 524.05
Cash, paid for funeral and other expenses...... 489.25

Total ...........................$5,215.86

Thereupon one A. T. Roedell was appointed temporary administrator to examine into and report upon said claim, and to make return of his findings into court. On April 19, 1909, this special administrator filed a report, from which we extract the following: "He therefore states that he has made a full and complete investigation of all matters involved in such inquiry, has examined all vouchers, had witnesses before him duly sworn, went fully into all matters touching the claim of said M. J. Rabbett in relation to the building of the house on premises, the legal title to which was in the decedent, Anna L. Rabbett, payment by him of the city and county taxes, repairs, and improvements made, also funeral and other expenses and from such personal examination reports as follows." On the first item of Rabbett's claim he allowed the sum of $3,594.30; on the second the sum of $583.84; on the third, $598.09; and on the fourth the sum of $902.50. The findings with reference to the second, third, and fourth items are here reproduced:

(2) I find that from 1892 up to the present time said M. J. Rabbett has paid the city and county taxes on said premises in the total sum of $583.84.

(3) I find that M. J. Rabbett was authorized by the court herein to take charge of said premises, make repairs, and collect rents, and, in accordance therein, said M. J. Rabbett had made necessary repairs and improvements aggregating $585.09, for which sum he is entitled to reimbursement from said estate.

(4) I find that M. J. Rabbett has paid out for funeral expenses, cemetery lot and perpetual care, and expenses of last sickness, the sum of $902.50, for which he is entitled to be reimbursed from said estate.

The total allowance made to claimant was $5,665.73, and this did not include any items of interest. On April 19, 1909, this report was approved by the court, the temporary administrator was allowed the sum of $15 for his services, and the claim was established and allowed against the estate to the amount of $5,665.73. On June 1, 1909, the administrator made application to sell certain real estate of the deceased to pay allowances and claims, including that allowed upon his claim; this application concluding as follows:

That it is necessary for paying off claims against said estate to sell said real estate; that your petitioner is the heaviest claimant, is the widower of decedent, and as such, is entitled to one-half of said estate, said decedent having left no children, has lived on said premises since the house was built thereon by him in 18—, and is desirous of taking care of all claims herein and retaining the legal and equitable title to said premises, and to that end is willing to pay all claims against said estate in full, court costs, and costs of administration, should the court authorize him to make a sale of said premises to himself personally; that, as shown by his claim allowed herein, the same grew largely out of the building of the house on said premises. Wherefore, your petitioner asks the court to enter an order herein empowering and directing him to make a sale of said premises to himself personally, appointing appraisers to

fix the value of same, and prescribing the notice to be fixed in relation thereto.

On June 19, 1909, Johanna Connolly and Eliza Connolly, heirs at law of Anna L. Rabbett, deceased, appeared and filed a motion to set aside the allowance of Rabbett's claim, and to "have said claim heard by the court upon competent proof, and to require the administrator to appear and submit to examination touching the property of said decedent in his hands or under his control, or within his knowledge, upon the following grounds: (1) Because no sufficient account is made of the personal estate of the decedent. (2) That M. J. Rabbett, the administrator of the estate of Anna L. Rabbett, has made application to sell the real estate of decedent to pay a claim made by himself for the sum of $5,665, which, on its face, should not be charged to decedent's estate. (3) That before such a claim should be allowed by the court, or an allowance made by a special administrator approved, it should appear that the claim was established by competent evidence. The special administrator appointed to examine this claim is not a lawyer or competent to judge of the sufficiency or competency of the evidence submitted in proof of the claim, and does not set forth in his report the evidence upon which the claim was allowed. (4) The administrator should be cited to appear and submit to examination touching the property of the decedent received by him, and its disposition by him, and all property of the decedent of which he had knowledge owned and possessed by her during his marriage with her. And the petitioners refer to the affidavits attached in support of this motion."

This was supported by affidavits showing that deceased at the time of her death, was possessed of certain personal property, and that said administrator, Martin J. Rabbett, had made no accounting of her property received by him as administrator, or of any personal property standing in the name of his wife at the time of her death, and

had made no report showing the disposition of any property belonging to his said wife, or any sufficient showing that there is and was no property of the said Anna L. Rabbett out of which to pay any claims filed against said estate. Later, and before hearing on the motion, these heirs filed an amendment setting forth the following additional grounds: "(5) Said administrator has failed to file any inventory of the property, real or personal, belonging to said estate. (6) Said administrator has failed to account for the personal property belonging to said estate, and consisting of money, security, and the capital stock of the corporation in which the money of the deceased was invested by her. In support of said motion affiants refer to the affidavits attached hereto."

This was supported by an affidavit showing that deceased, at the time of her death, was possessed of certain personal property, that she made the improvements upon the lot from her own funds, and that the house upon the property was erected more than 15 years ago. On June 22, 1909, another heir of the deceased filed an answer to the application to sell real estate and objections to the granting thereof upon the following, among other grounds: "(1) The petition was not filed in time. (2) No sufficient account has been made of the disposition of the personal estate of the deceased. (3) The administrator may not sell the property of the estate of which he is administrator to himself. The sale, even if it should be ordered and made, would be absolutely void, and might be set aside, and therefore ought not to be ordered. (4) A sale of the real property of the estate would not be necessary except to pay a claim made by the administrator himself chiefly for money alleged to have been expended by himself in the improvement of the real estate, which he asks permission to sell, and this claim on its face should not have been allowed against the estate. (5) The administrator has not furnished any sufficient proof that the money which he

claims to have expended and for the expenditure of which he claims reimbursement, was his money." This heir also moved the court to set aside the allowance of the Rabbett claim, and also a motion "to require the said M. J. Rabbett to submit to an examination touching the property of the deceased, and the manner in which he obtained the money which he claims to have expended for said estate and for the deceased, and to require him to present full and sufficient vouchers and receipts for the payment of the sums which he claims to have so expended."

Rabbett filed a motion to strike the affidavits attached to the motions for the reason that they were and are incompetent and irrelevant, and for the further reason that "none of the matters urged in said affidavits in any way affect the claim of said M. J. Rabbett against said estate; neither do they afford any ground upon which to set same aside, require the examination of said administrator or sufficient objection to the sale of the real estate in question." This motion was overruled and exception taken. Thereafter he filed what he called a demurrer to and resistance of the motion to set aside the order based upon many grounds not necessary to be enumerated. This demurrer was overruled, and the objections held insufficient, and Rabbett excepted. Thereupon the matter was heard to the court, resulting in the following order: "It is ordered that the allowance of the claim of Martin J. Rabbett, by the temporary administrator, in the sum of $5,665.73, and the approval of the report of said administrator, making such allowance, are hereby set aside and annulled, and the reference of said claim to A. T. Roedell as temporary administrator is set aside. And it is further ordered that said claim be heard by and submitted to the court at the next term of this court. It is further ordered that Martin J. Rabbett, administrator, appear for examination touching the property of said Anna L. Rabbett on the 1st day of the next term of this court at 10 o'clock a. m." The

court also refused to rule on the application to sell real estate; placing its refusal upon the ground of the pendency of the Rabbett claim. The appeal is from these various rulings.

The record shows that some of decedent's heirs were and are nonresidents of the state, that none of the heirs had any actual notice of Rabbett's claim, and that none of them appeared in resistance thereto.

It also discloses the fact that the temporary administrator allowed the claimant something like $450 more than he claimed; that he was allowed for taxes paid after the death of his wife; that he was awarded the

1 ESTATES OF DECEDENTS: claims: temporary administration.

sum of $585.09 for making repairs upon the real estate and for collecting rents after his wife's demise, and another sum for funeral expenses, for cemetery lot and· perpetual care thereof, and for the expenses of last sickness of the deceased. The temporary administrator was clearly in error in allowing more than was claimed and in making most of the allowances just referred to. *Burns v. Keas,* 20 Iowa, 16-19; *In re Pennock's Estate,* 122 Iowa, 622.

The real point made for appellant is that the approval by the court of the report of the temporary or special administrator and the allowance of the Rabbett claim is an adjudication binding upon the court and the parties until set aside by direct proceedings, and that such a report and allowance can not be set aside in any event except for fraud, collusion, or mistake, and that there must also be a showing of a meritorious defense to the claim.

It is true that the allowance of a claim by the probate court, while not a judgment, is attended with the same presumptions as a judgment, and should ordinarily be

2 SAME: claims: allowance: subsequent correction.

attacked in the same manner. *In re Pennock's Estate,* 122 Iowa, 624, and cases cited. But it is also true that the probate court has large control over an executor or administrator,

and may, at any time before his discharge, correct his accounts and settlements for mistake or fraud. Objections to a claim or a motion to set aside an allowance thereof is a direct attack, and the only other question at issue is, May such an allowance be set aside for mistake or because it is erroneous, unjust, or inequitable? For the purposes of the case, it must be assumed that there is a defense in whole or in part to the claim, that the allowance was erroneous, and under the showing, unjust. But there is no direct charge of fraud or collusion. In *Dessaint v. Foster,* 72 Iowa, 639, it is said: "It is true that the order allowing the claim is not technically a judgment (*Foteaux v. Lepage,* 6 Iowa, 123; *Voorhies v. Eubank,* 7 Iowa, 274; *Little v. Sinnett,* 7 Iowa, 324; *Smith v. Shawhan,* 37 Iowa, 533), and we do not hold that the application for its vacation is governed by the rules which apply when an ordinary judgment is sought to be set aside, but is an adjudication. It is a determination by the court, after hearing the evidence, that plaintiff's claim is just and valid (*Voorhies v. Eubank, supra*), and it ought not to be disturbed without some showing that the administrator has a valid defense against it." In *Hendron v. Kinner,* 110 Iowa, 549, we said: "The order of the court allowing the claim was in the nature of an adjudication. The plaintiffs were not entitled to have it set aside and to have a retrial as to the validity of the claim as a matter of right, but were required to show some valid ground for setting it aside (see *Dessiant v. Foster,* 72 Iowa, 639; *Kows v. Mowery,* 57 Iowa, 20; *Cowins v. Tool,* 36 Iowa, 82), and that they have failed to do." On petition for rehearing it was said: "The distinction between an action in equity to set aside an order entered by the probate court and an application filed in that court asking that an allowance of a claim be set aside because improvidently made seems to be lost sight of by the appellees in their petition for rehearing. Chancery will grant no relief in such a case, in

the absence of a showing of fraud or mistake in the procurement of the order. Whether this is essential when the application is addressed to the probate court was neither involved nor determined." *In re Douglas,* 140 Iowa, 605, we said: "It is said that the order of approval and allowance could not be set aside in a collateral proceeding, though the approval should not have been made. The force of this claim is not apparent, however; for the application to set aside the order was a direct attack thereon. . . . Code, section 3398, provides that mistakes in settlements may be corrected in the probate court at any time before the final settlement with and discharge of the administrator, and after that time by equitable proceedings, on showing such grounds as will justify the interference of the court. The special administrator was appointed for the purpose only of passing upon the claim of the appellant. He had no authority to pay the same, nor had he any funds for that purpose. If his report is to stand, the general administrator would still have to pay the claim and report his action relative thereto, and, so long as the estate is unsettled and the administrator is not discharged, mistakes that have occurred, including fraudulent claims and false charges, may be corrected. *Cowins v. Tool,* 36 Iowa, 85; *Dorris v. Miller,* 105 Iowa, 572; *In re Estate of Sawyer,* 124 Iowa, 485; *Tucker v. Stewart,* 121 Iowa, 714." See, also, *In re Pennock's Estate,* 122 Iowa, 624. The cases relied upon by appellant were either original proceedings in equity to set aside an allowance, as *Trimble v. Marshall,* 66 Iowa, 233, and *Milburn v. East,* 128 Iowa, 101, or exceptions to the final report of the administrator as *McLeary v. Doran,* 79 Iowa, 210; *Ashton v. Miles,* 49 Iowa, 564; and *In re Pennock,* 122 Iowa, 622, and as remarked in *Hendron v. Kinner, supra,* are not in point upon the proposition here involved.

Motion to set aside an allowance was held a proper remedy in *Re Estate of Davenport,* 85 Iowa, 293. See,

also, *Dorris v. Miller,* 105 Iowa, 572. The finding of the temporary administrator was manifestly erroneous, and as the heirs were not actually notified of the proceedings, and were not represented save perhaps by the temporary administrator, this representation being constructive only, and as no appearance was made before the temporary administrator in resistance to the claims, we think the motion to set aside the allowance was timely, and that, being a direct attack, the court had power to vacate and set aside its previous allowance of the claim.

*3 Same: erroneous allowance of claims: remedy: jurisdiction.*

As the application was by motion, affidavits were properly filed in support thereof. See section 3833 of the Code and cases cited thereunder. While these were made by the heirs, they were not incompetent under section 4604 of the Code. *Clark v. Ross,* 96 Iowa, 402. There was no error, then, in denying the motion to strike these affidavits.

II. Error is also assigned on the court's refusal to order a sale of the real estate. As the amount of decedent's indebtedness was not ascertained, and could not be until a hearing on Rabbett's claim, there was no error in denying the application. Moreover, the heirs, in their resistance, made such a showing as to personal assets that *prima facie* at least there was no necessity for a sale of the real estate.

*4 Same: sale of real estate.*

The real question in the case is the correctness of the order on the motion to set aside the allowance of the Rabbett claim. That order, as we have seen, is correct, and it would be a reproach to our system of jurisprudence if we were to hold that a probate court had no power to set aside such an allowance as was here made to the administrator. He is entitled to a hearing before the court or before another temporary administrator at which the heirs may present their objections, and there is no reason to believe that upon such hearing he will not receive all that is his due.

The orders of the trial court seem to be correct, and they are each and all *affirmed*.