In re Estate of JOHANNA MILLER, Deceased, D. H. SLEICHTER, Administrator, Appellee, v. DOROTHEA KROGER et al., Appellants.

**EXECUTORS AND ADMINISTRATORS:** Final Report—Hearing Thereon—Objections—Fraud of Administrator. Beneficiaries of an estate may, on the hearing on the administrator's final report, file objections thereto charging the administrator with fraud and collusion in the allowance of a claim against the estate and are entitled to hearing on such issue.

**EXECUTORS AND ADMINISTRATORS:** Final Report—Hearing trator—Loss—Liability. Whether an administrator can be held liable for mere negligence without bad faith, query.

*Appeal from Washington District Court.*—HON. HENRY SIL-WOLD, Judge.

THURSDAY, NOVEMBER 5, 1914.

REHEARING DENIED FRIDAY, FEBRUARY 12, 1915.

APPEAL from an order of the district court, sitting in probate. The order complained of struck from the record certain objections made by the appellants to the Final Report

of the Administrator of the estate of Johanna Miller. Such objections charged the administrator with fraud and collusion with a claimant against the estate, and asked that he be required to account and pay nevertheless to the beneficiaries of the estate, the amount awarded to such fraudulent claimant.—*Reversed* and *Remanded.*

*Edmund D. Morrison* and *George F. Morrison,* for appellants.

*W. M. Keeley,* for D. H. Sleichter, Administrator, appellee.

*C. A. Dewey,* County Attorney, for W. C. Brown, State Treasurer, appellee.

EVANS, J.—1. In June, 1911, Johanna Miller died intestate, survived by three sisters and a brother as her only heirs at law. Two sisters and the brother are the appellants herein. They are residents of Germany. The other sister, Anna Kroger, is a resident of this country and was such at the time of the death of Johanna Miller; but was a non-resident of Iowa.

She was called to the bedside of Johanna shortly before she died. Prior to such time Johanna had been the owner of certain moneys and credits amounting to about $9,000.00.

After her death, the surviving sister, Anna, was in possession of said property, claiming to have acquired the same by gift. The present administrator was appointed upon the petition of Anna. She brought an action in the district court against the administrator and the other heirs of Johanna, the appellants herein, asking, in effect, that she be adjudged to be the absolute owner of such property.

Notice was served upon these appellants by publication only. The administrator appeared and made at least a formal defense, though without the assistance of counsel. A decree

was entered for the plaintiff. Thereafter and within two years, these appellants appeared in such suit and filed a motion that the judgment be set aside, and that they be permitted to defend on the ground that they were served by publication only. This motion was sustained. Thereafter and before any further trial was had, the plaintiff dismissed her suit against the appellants. The apparent purpose of such dismissal was to avoid a re-trial. No re-trial was ever had, nor was any further order made in such suit.

The administrator filed his final report, ignoring therein all reference to the assets involved in the suit referred to. The appellants as beneficiaries of the estate appeared and filed objections. The administrator amended his report and set up the judgment in favor of Anna Kroger as an adjudication binding upon him and as excusing his failure to list such securities as property of the estate. The objections filed by the appellants charged in effect that the administrator fraudulently and collusively aided the claimant Anna in obtaining the adjudication against him as administrator. To such objections was appended the following prayer:

"Wherefore, the undersigned ask that said report and accounting on file be disapproved and rejected; that said administrator be required and ordered to account for and to pay into court in addition to the assets accounted for in said report the further sum of nine thousand dollars; that each of the items of credit by him claimed to which objection is hereinbefore made be rejected and that he be allowed no credit therefor and that the said assets of said estate, to wit, nine thousand dollars, be divided among these objectors as provided by the statutes of Iowa, to wit:"

The administrator moved the court to strike such objections on the ground that the issues thereby tendered could only be heard and tried in a direct proceeding, and that they could not be tried in the form of mere objections to the admin-

istrator's report. This motion was sustained, and from such order was the appeal taken.

The definite question presented is whether it is competent for the beneficiary of an estate to include in his objections to a final report of the administrator, a charge of fraud and collusion against the administrator in the establishment of a claim against the estate, and to ask that the amount thus fraudulently established shall be nevertheless charged against the administrator in his final report.

1. EXECUTORS AND ADMINIS-TRATORS : final report : hearing thereon : objections : fraud of administrator.

On principle, such method of procedure would seem to be quite free from objection. Such a method of procedure would seem also to conform to the spirit of the statute giving full power of review to the probate court at any time before the final discharge of the administrator. Code Sec. 3398.

The opposing contention is based upon the opinions of this court in *Ashton v. Miles*, 49 Iowa 564, and *Pennock's Estate*, 122 Iowa 622.

In each of those cases the administrator himself had been a claimant against the estate. As to such claim a special administrator had been appointed to investigate and defend. The claim was regularly established. For the amount so established and allowed by the special administrator, the administrator took credit in his final report. The beneficiaries filed objection, charging fraud in the establishment of the same. It was said by this court that such question could not be thus tried, but that a direct attack should be made upon the adjudication.

It will be noted that in the establishment of such claim in his own behalf the claimant, though administrator of the estate, was not acting as such. As to his claim he could not act as such. In the prosecution of such claim, therefore, he sustained no relation of trust to the estate. He stood toward the estate precisely as any other third-party who was making a claim against it. The claim being once established, it could

only be re-opened for further trial by appropriate proceedings directed against the claimant himself.

In each of the cited cases, the court found as a fact that there was no fraud. There was therefore no discussion of the point now under consideration. Nor is the state of the record, with reference to such point, very clear.

Assuming in the case before us that the adjudication in favor of Anna Kroger could not be set aside, as to her, by this method of procedure, it does not follow that the administrator might not be required to stand the loss, if the established claim was in fact fraudulent to his knowledge, and if he fraudulently and collusively aided in its establishment. That is all that is asked by the objectors.

In *McLeary v. Doran,* 79 Iowa 210, it was held that the beneficiaries could have recourse against the administrator in such case.

In response to this case it is urged by appellee that the recourse here intended was an action on the bond. But the chief purpose of an action on the bond would be to charge the surety for the defaults of his principal.

We apprehend if the final report of the administrator were approved, and if he made distribution according to its call, there would be no basis left for an action on the bond.

In *Ryan v. Hutchinson,* 161 Iowa 575, the right of an objector to tender an issue of fraud and collusion on the part of the administrator is implied.

*In re Douglas,* 140 Iowa 603, 605, is a case wherein such right is distinctly recognized. To the same effect is *Rabbett v. Connolly,* 153 Iowa 607.

In the last two named cases it is held that a motion to set aside the allowance of a claim is a direct attack upon it.

This holding may be a slight modification of what was said in the *Ashton* and *Pennock* cases. In the case before us, the objectors appended to their objections the prayer which we have above set forth. Such prayer contains all the essential requisites of a motion based upon the ground set forth in

the objections. To the extent of the relief prayed for, therefore, it is a direct attack even though it asks less than the setting aside of the adjudication.

We reach the unavoidable conclusion, therefore, that it was open to the beneficiaries in this manner. to tender the issue of fraud and collusion and that they were entitled to a hearing upon it. The striking of their allegations necessarily denied them such hearing.

2. It will be noted from the foregoing that we have dealt only with the allegations of fraud and collusion as a ground for denying credit to the administrator for the payment of the

2. EXECUTORS AND ADMINISTRATORS : negligence of administrator : loss : liability. alleged fraudulent claim. The objectors did also allege that such fraudulent claim was allowed through the negligence of the administrator.

Whether the objectors would be entitled to relief against the adjudication by a showing of mere negligence, without bad faith on the part of the administrator, is a question which has not been argued. We are not disposed to make any pronouncement upon that feature of the case without the aid of argument.

Though an administrator could be held liable for fraud and collusion, it would not necessarily follow that mere negligence would charge him with the same liability. Justice often finds its mark even though the litigant-be negligent.

It is doubtless true also that some degree of negligence enters into most litigation, and that skill and diligence are not necessarily determinative.

3. It will be noted also that in our discussion in division 1 hereof, we have assumed that the adjudication in favor of Anna Kroger has never been set aside. In so doing, we have conformed to the theory of the argument.

In view of the fact that the suit of Anna Kroger was brought, not only against the administrator but also against all the beneficiaries of the estate, and her adjudication was had against all; and in view of the fact that the bene-

ficiaries of the estate appeared within the statutory time and moved that the adjudication be set aside, and that such adjudication was set aside, we are not prepared to say affirmatively that there was any adjudication left even as against the administrator. *Bowman v. Parks,* 166 Iowa 403.

He was only a representative of the beneficiaries. The problem presented is, whether the beneficiaries could win and their representative lose. We have formed no opinion on this question. But as it is liable to arise at any future stage of the proceedings, we only take the precaution to confine our present holding to the single question argued before us.

The order of the trial court must be reversed.—*Reversed and Remanded.*

LADD, C. J., WEAVER and PRESTON, JJ., concur.